UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PAMELA KENNERSON                    CIVIL ACTION NO. 6:12-cv-02191

VERSUS                              JUDGE DOHERTY

THE CITY OF SUNSET, ET AL.          MAGISTRATE JUDGE HANNA

**ORDER**

Pending before this Court are two motions to dismiss penalty, punitive, or exemplary damages (Rec. Docs. 11 and 56). The first was filed by three defendants, namely, the Town of Sunset,[1] Mayor Cecil Lavergne (individually and in his official capacity), and Chief Alexcie Guillory (individually and in his official capacity). The second was filed by two other defendants, Officer Jonathan Savant and Officer Heath Treadway (individually and in their official capacities as police officers for the Town of Sunset). The motions are not opposed. The motions were referred to the undersigned for ruling. (Rec. Docs. 14, 59). For the following reasons, the motions are granted in part and denied in part.

---

[1] The plaintiff refers to the City of Sunset, while an answer was filed on behalf of the Town of Sunset. Assuming that the defendant entity has better information concerning whether it should properly be called a city or a town, the term "Town of Sunset" will be used in this ruling.

## BACKGROUND

Three complaints have now been filed in this lawsuit:  the original complaint (Rec. Doc. 1), the first amended complaint (Rec. Doc. 20), and another amended complaint (Rec. Doc. 53).  Because the most recent amended complaint restates all claims asserted in the lawsuit with revisions, including a revision to the spelling of the plaintiff's surname, it is apparent that the plaintiff's intent was to supercede and supplant the prior complaints with the most recent one.  Accordingly, only the allegations set forth in the most recent complaint have been considered.

In this lawsuit, the plaintiff Pamela Kennerson alleges that, on August 19, 2011, she and others watched Sunset police officers Savant and Treadway as they pursued someone on foot.  She alleges that the police officers lost sight of the person being pursued and were unable to capture him.  The onlookers then began to laugh at the officers.

The plaintiff claims that Officer Savant then walked up to her, twisted her arm, pushed her down the stairs of the porch where she was standing, pulled her up by the left arm, flipped her over, then put his knee in her back, repeatedly shoved her face in the dirt, and arrested her, although the charges against her were later dismissed.

The plaintiff alleges that she was falsely arrested, falsely imprisoned, and deprived of her constitutional rights.  She also alleges that she sustained physical,

emotional, psychological, and economic injuries.  The plaintiff also asserts state-law claims including assault, negligent injury, intentional infliction of emotional distress, false arrest, false imprisonment, and negligent hiring.  Among the claims asserted are claims for punitive damages.  The defendants now seek to have the punitive damages claims stricken from the complaint.

## LAW AND ANALYSIS

In her complaint, the plaintiff sued the Town of Sunset through its mayor Cecil Lavergne, Sunset's Chief of Police Alexcie Guillory, and police officers Jonathan Savant and Heath Treadway.  Chief Guillory was sued in his individual and official capacities (Rec. Doc. 53 at ¶ 8) while Mayor Lavergne, Officer Savant, and Officer Treadway were sued only in their official capacities.  (Rec. Doc. 53 at ¶¶ 7, 10).  The plaintiff asserted claims for punitive damages against all of the defendants.  (Rec. Doc. 53 at ¶ 1, final paragraph on p. 5).  The defendants contend that the punitive damages claims asserted against them should be stricken, arguing that the plaintiffs in a § 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities and also arguing that there is no statutory basis for the imposition of punitive damages with regard to the plaintiff's state-law claims.

-3-

Federal Rule of Civil Procedure 12(f) states:  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The court may do so in response to a party's motion or on its own motion.[2]  Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[3]  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[4]  Accordingly, motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted.[5]

In this case, however, the defendants' reasoning is sound.  "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[6]  Furthermore, "[i]t is equally well settled that a suit against a

---

[2]     Fed. R. Civ. P. 12(f).

[3]     *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969).  See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[4]     *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla*., 306 F.2d 862, 868 (5th Cir. 1962); see also *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982).

[5]     C. Wright & A. Miller, 5C Federal Practice & Procedure, Third Edition, § 1380.

[6]     *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003), *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981), and *Webster v. City of Houston*, 689 F.2d 1220, 1229 (5th Cir. 1982); *Davis v. West Cmty. Hosp.*, 755 F.2d 455, 467 (5th Cir. 1985).

municipal official in his or her official capacity is simply another way of alleging municipal liability."[7]  Accordingly, the court finds that the plaintiffs do not have a valid claim for punitive damages against the Town of Sunset.  The court further finds that the plaintiff does not have a valid punitive damages claim against Mayor Lavergne, Chief Guillory, Officer Savant, or Officer Treadway in their official capacities because those claims are duplicative of the punitive damages claim asserted against the town.[8]  Accordingly, the plaintiff's punitive damages claims against the town and those against Mayor Lavergne, Chief Guillory, Officer Savant, and Officer Treadway in their official capacities are stricken from the complaint.

However, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a § 1983 claim.[9]  Therefore, to the extent that the plaintiffs have asserted a punitive damages claim against Chief Guillory in his individual capacity, that claim is not stricken from the plaintiff's complaint.

---

[7]     *Howell*, 2012 WL 3962387, at *4, citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

[8]     *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

[9]     *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006), citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

Finally, it is well settled that, under Louisiana law, punitive damages are not allowed in civil cases unless specifically provided for by statute.  In the absence of such a specific statutory provision, only compensatory damages may be recovered.[10] In her complaint, the plaintiff does not identify a statutory provision that allows the recovery of punitive damages for the state law claims that she asserts against the defendants in this lawsuit.  Accordingly, the plaintiff's state-law punitive damages claim is stricken from the complaint.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the moving defendants' motions to strike (Rec. Docs. 11 and 56) are GRANTED IN PART and DENIED IN PART.  More particularly,

IT IS ORDERED that the plaintiff's punitive damages claim against the Town of Sunset relating to her § 1983 claims, the plaintiff's punitive damages claim against Mayor Lavergne, Chief Guillory, Officer Savant, and Officer Treadway relating to her § 1983 claims against them in their official capacities, and the plaintiff's punitive damages claim against the defendants relating to her state-law claims are stricken from the plaintiff's complaint.

---

[10]     See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

IT IS FURTHER ORDERED that, in all other respects, i.e., with regard to the plaintiff's punitive damages claim against Chief Guillory relating to her § 1983 claim against him in his individual capacity, the motion is denied.

Signed at Lafayette, Louisiana on April 17, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE